UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KYLE KANOFF,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | No. CV 16-778 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying his application for Disability Insurance Benefits. Plaintiff and defendant consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pursuant to the May 9, 2016, Case Management Order, on December 6, 2016, the parties filed a Joint Stipulation ("JS") detailing each party's arguments and authorities. The Court has reviewed the administrative record (the "AR"), filed on September 26, 2016, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is reversed and this matter is reversed and this matter is remanded for further proceedings.

///

///

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017, and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

# PROCEDURAL HISTORY

On June 10, 2012, plaintiff applied for disability insurance benefits. (AR 172-83.) Plaintiff's application was denied initially and on review. (AR 68-104.) Plaintiff then requested a hearing before an administrative law judge ("ALJ"). (AR 122-23.) On June 19, 2014, ALJ Keith Dietterle held a hearing. (AR 27-56.) Plaintiff, a medical expert, and a vocational expert ("VE") testified at the hearing. (*See generally id.*)

On September 17, 2014, the ALJ denied plaintiff benefits in a written decision. (AR 10-25.) After reviewing the evidence, the ALJ determined that plaintiff possesses the residual functional capacity ("RFC") to perform:

> a wide range of light work . . . except [plaintiff] is limited to lifting-carrying 20 pounds occasionally and 10 pounds frequently; is limited to sitting six hours and standing-walking six hours in an eight-hour workday; is limited to climbing ramps and stairs occasionally; is limited to frequently balancing, stooping, kneeling, crouching, and crawling; can never climb ladders, ropes, and scaffolds; cannot do repetitive power gripping or grasping or repetitive fingering; cannot have any concentrated exposure to unprotected heights, dangerous or fast moving machinery, extremes in temperature, or vibrating tools; and is limited to no more than moderately complex tasks.

(AR 18.) In determining plaintiff's RFC, the ALJ assigned "little weight" to the opinions of Dr. Don Mills, plaintiff's treating physician. (AR 20.) Based on plaintiff's RFC and the testimony of the VE, the ALJ ultimately determined that plaintiff can perform his past relevant work and therefore is not disabled. (AR 20-21.)

On February 26, 2016, the Appeals Council denied review. (AR 1-6.) Thereafter, plaintiff initiated this action.

# CONTENTIONS

Plaintiff raises a single contention in this action:

1. Whether the ALJ properly considered the opinions of plaintiff's treating physician, Dr. Mills.

/ / /

/ / /

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Administration's decisions to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) (citations omitted). "Substantial evidence is more than a scintilla, but less than a preponderance." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998) (citation omitted). To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion." *Auckland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation marks omitted).

If the evidence in the record can reasonably support either affirming or reversing the ALJ's conclusion, the Court may not substitute its judgment for that of the ALJ. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (citing *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). However, even if substantial evidence exists to support the Commissioner's decision, the decision must be reversed if the proper legal standard was not applied. *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1014-15 (9th Cir. 2003); *see also Smolen*, 80 F.3d at 1279.

**DISCUSSION**

A.  The ALJ Did Not Properly Consider the Opinions of Dr. Mills.

   1.  Background

       a.  *Dr. Mills' findings*

Dr. Mills treated plaintiff periodically beginning on May 23, 2013. (AR 599-657.) On June 4, 2014, Dr. Mills completed a Physical Residual Functional Capacity Questionnaire (the "questionnaire"), detailing his opinions about plaintiff's impairments and the limitations they cause. (AR 662-66.) In the questionnaire, Dr. Mills listed plaintiff's impairments as cervical spinal stenosis and Parsonage Turner

///

///

3

syndrome.[2] (AR 662.) Dr. Mills reported that plaintiff suffers from "neck pain that radiates to the hands causing weakness and parasthesia," as well as constant right shoulder pain that causes a decreased range of motion. (*Id.*) Dr. Mills further noted decreased range of motion in plaintiff's cervical spine and diminished grip strength in both of plaintiff's hands. (*Id.*)

With respect to plaintiff's functional limitations, Dr. Mills opined that plaintiff's impairments and symptoms render him unable to sit or stand longer than thirty minutes at a time. (AR 663.) Similarly, Dr. Mills asserted that plaintiff cannot sit or stand/walk for more than two hours each day. (AR 664.) Regarding plaintiff's lifting limitations, Dr. Mills stated that plaintiff can occasionally lift less than ten pounds, rarely lift ten pounds, and never lift twenty pounds or more. (*Id.*) Dr. Mills also opined that plaintiff can: occasionally twist, stoop, climb stairs, and turn his head right or left; frequently look down, look up, and hold his head in a static position; rarely crouch; and never climb ladders. (AR 665.)

Finally, Dr. Mills stated that plaintiff can only use his hands to grasp, turn, or twist objects for ten percent of an eight hour workday. (AR 665.) Dr. Mills also stated that plaintiff has the same limitations with respect to fine manipulation and reaching, respectively. (*Id.*)

  b. *ALJ's Decision*

In his decision, the ALJ recounted Dr. Mills findings but assigned them "little weight" because he found them "unsupported by the medical evidence." (AR 20.) The ALJ based this determination on his findings that: (1) plaintiff "has a normal range of motion in his lumbar spine"; (2) plaintiff exhibits no "abnormal curvature of the

---

[2] Parsonage-Turner syndrome, also known as idiopathic brachial plexopathy, "is characterized by the sudden onset of shoulder and upper arm pain followed by progressive (worsening over time) weakness and/or atrophy of the affected area." *Parsonage Turner syndrome*, National Institutes of Health, Genetic and Rare Disease Information Center, https://rarediseases.info.nih.gov/diseases/4228/parsonage-turner-syndrome.

cervical spine"; and (3) plaintiff's diagnosed carpal tunnel syndrome "was noted to have improved." (*Id.*)

2. Analysis

In the Social Security context, the Ninth Circuit distinguishes among opining physicians in the following manner: (1) treating physicians; (2) examining physicians; and (3) nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, the opinions of treating physicians are entitled to the most weight, while the opinions of examining physicians are entitled to more weight than the opinions of nonexamining physicians. *Id.* Where the opinion of a treating physician is uncontroverted, the ALJ must provide clear and convincing reasons for rejecting that opinion. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citations omitted). Even if contradicted by another doctor, the opinions of treating physicians can be rejected only for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id.*

While the ALJ stated that he assigned Dr. Mills' opinions "little weight" because it was unsupported by the objective medical evidence, his reasoning indicates that he rejected the opinion because it was inconsistent with the specific objective findings he pointed out in his decision. Ordinarily, an ALJ is permitted to reject a treating physician's opinion that is inconsistent with the objective medical evidence. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, (9th Cir. 2004); *see also Shavin v. Comm'r of Soc. Sec. Admin.*, 488 F. App'x 223, 224 (9th Cir. 2012) (ALJ may reject physician's opinion by "noting legitimate inconsistencies and ambiguities in the doctor's analysis or conflicting lab test results, reports, or testimony." (citations omitted)). However, for the reasons discussed below, the Court finds that the ALJ did not demonstrate any inconsistencies between Dr. Mills' opinions and the medical evidence.

First, the ALJ failed to show that a normal range of motion in plaintiff's lumbar spine is inconsistent with Dr. Mills' assessment. Dr. Mills did not base any of his

limitations on plaintiff's lumbar range of motion. Thus, any evidence about the range of motion in plaintiff's lumbar spine does not rebut any of the limitations Dr. Mills' attributed to plaintiff. Furthermore, nothing in the record suggests that plaintiff's cervical stenosis and Parsonage Turner syndrome would necessarily have reduced plaintiff's lumbar range of motion had they also caused plaintiff's other limitations. Indeed, it appears entirely plausible that plaintiff's neck and shoulder impairments could have limited his abilities to sit, stand, reach, and lift without affecting the range of motion his lower back. The ALJ's failure to point to any evidence clearly eliminating that possibility renders his conclusion in this regard invalid.

Similarly, the ALJ's conclusion that the lack of abnormal curvature in plaintiff's cervical spine undermines Dr. Mills' findings fails because Dr. Mills did not state that plaintiff's limitations were the result of abnormal spinal curvature. Moreover, the ALJ's conclusion in this regard presupposes that abnormal cervical spinal curvature is necessary to produce plaintiff's symptoms or cause his limitations. However, the ALJ did not point to any evidence indicating that plaintiff's existing impairments could not cause the limitations that Dr. Mills attributed to plaintiff. As a result, the Court declines to find that the lack of abnormal cervical spinal curvature is inconsistent with plaintiff's limitations.

Finally, the Court notes that Dr. Mills never mentioned plaintiff's carpal tunnel syndrome, let alone listed it in connection with of plaintiff's limitations. Thus, any improvement in plaintiff's carpal tunnel syndrome does not contradict Dr. Mills' opinions, as they were based entirely on other impairments.

In sum, none of the evidence cited by the ALJ is clearly inconsistent with Dr. Mills' opinions stated in the questionnaire. Because the ALJ's only state reason for rejecting Dr. Mills' opinions, inconsistency with the medical evidence, is invalid, the Court finds that the ALJ erred in this respect.

///

///

B. <u>The ALJ's Error Was Not Harmless</u>

"[H]armless error principles apply in the Social Security . . . context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An ALJ's error is harmless when it is "clear from the record that [the] ALJ's error was 'inconsequential to the ultimate nondisability determination.'" *Robbins*, 466 F.3d at 885 (quoting *Stout*, 454 F.3d at 1055-56); *see also Carmickle,* 533 F.3d at 1162 (opining that the relevant inquiry when determining if an error is harmless is "whether the ALJ's decision remains legally valid").

To the extent the ALJ erred in rejecting Dr. Mills' opinions, that error was not harmless. Indeed, the VE opined that a person who is limited in the way that Dr. Mills described would be unable to perform any work. (AR 65-66.) Thus, the ALJ's error was not clearly "inconsequential to the ultimate nondisability determination."

Finally, the ALJ's error was not harmless merely because he incorporated the opinions of Dr. Garcia and Dr. Naiman, two state agency physicians, into his ultimate non-disability determination. As an initial matter, generally the opinions of non-examining physicians cannot alone serve as specific and legitimate reasons to reject the opinion of a treating physician. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Furthermore, even if a non-examining physician's opinions do constitute substantial evidence, the opinions of the treating physician are still entitled to deference. *Orn v. Astrue*, 459 F.3d 625, 633 (9th Cir. 2007). Thus, in the absence of any legitimate and specific reasons for rejecting Dr. Mills' opinions, the ALJ was not permitted to simply adopt the opinions of two non-examining physicians in favor of Dr. Mills'.

C. <u>Remand is Warranted</u>

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Ordinarily, medical opinion evidence that has been improperly rejected is credited as true. *Hammock v. Bowen*, 879 F.2d 498 (9th Cir.

1989). However, the credit-as-true rule should only be applied where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *See Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2015) (citations omitted). Here, even if the Court were to credit Dr. Mills' opinion as true, it would remain in conflict with other evidence in the record. The resolution of those conflicts is firmly within the province of the ALJ. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) ("The ALJ is responsible for resolving conflicts in medical testimony, and resolving ambiguity." (citations omitted)). Thus, since the record does not reflect that "further administrative proceedings would serve no useful purpose," reversal with an immediate award of benefits is inappropriate at this time. *See id.*

## CONCLUSION

For the foregoing reasons, the judgement of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this decision.

IT IS SO ORDERED.

DATED: May 4, 2017

                                       /S/FREDERICK F. MUMM
                                          FREDERICK F. MUMM
                                     United States Magistrate Judge