UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW KYLE KANOFF,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY BERRYHILL, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 8:16-778 FFM<br><br>ORDER AWARDING ATTORNEY<br>FEES PURSUANT TO 42 U.S.C. §406(b) |

**I. INTRODUCTION**

After remand, the Social Security Administration ("Defendant") awarded plaintiff Matthew Kyle Kanoff ("Plaintiff") $97,088 in past-due benefits. Now pending before the Court is the petition of Plaintiff's counsel for attorney fees in the amount of $17,000.00 for Plaintiff's representation in this matter.

Defendant has filed a response to Plaintiff's motion that neither opposes nor assents to the relief requested by counsel. After careful consideration, the Court finds in this case that the $17,000 requested for 18.8 hours of attorney time and 3.5 hours of paralegal time is reasonable.

/ / /

/ / /

/ / /

## II. DISCUSSION AND ANALYSIS

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. §406(b). Section 406(b) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In *Gisbrecht*, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under §406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, §406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

In determining whether the amount of fees sought by Plaintiff's counsel is "reasonable for the services rendered" here, the Court has considered a number of factors. Several of these factors fall in favor of Plaintiff's counsel.

/ / /
/ / /
/ / /

Under *Gisbrecht*, the starting point of the analysis is the agreement between Plaintiff and his counsel. Here, the relevant terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel are as follows:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is **a separate 25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court**. . . .

Exhibit 1, attached to Declaration of Brian C. Shapiro (emphasis in original).

Plaintiff agreed to up to a 25% contingency and the $17,000 sought would be approximately 18% of the award. The Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

Second, the amount sought by Plaintiff's counsel is not in excess of the 25% statutory limit.

Third, there is no excessive delay attributable to counsel which would unduly increase the past due benefits accumulated during the pendency of the case in court.

Finally, the Court must assess the overall reasonableness of the fee in light of the character of the representation and the results obtained. In this regard, Plaintiff's counsel has the burden of demonstrating reasonableness. *Gisbrecht*, 535 U.S. at 807 ("the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered").

Here, Plaintiff's counsel obtained an order for remand for an additional hearing after full briefing in this Court. The time expended by counsel (18.8 hours of attorney time and 3.5 hours of paralegal time) is reasonable. The effective hourly rate for counsel, assuming a paralegal rate of $150 per hour for the 3.5 hours of paralegal time, if Plaintiff's counsel receives all of the fees he seeks, would be approximately $876.

///

The Court has reviewed other decisions awarding fees in this context for some guidance. *See, e.g., Palos v. Colvin,* 2016 WL 5110243 (C.D. Cal. 2016) (collecting cases and awarding an effective hourly rate of $1,546.39). In *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc), the Ninth Circuit held that a district court should test for reasonableness by examining "whether the amount [requested] need be reduced, not whether the loadstar amount should be enhanced." *Id*. at 1149. Although necessarily imprecise, the Court must award an amount that is reasonable under the circumstances. In *Crawford*, the Ninth Circuit approved of fees ranging from $519 per hour to $902 per hour. *Id.* at 1153. The Court sees no justification for reducing Plaintiff's counsel's fee here.

### III. CONCLUSION

Based on the foregoing considerations, the Court finds and concludes that $17,000.00 in fees is reasonable. The petition for attorney fees pursuant to 42 U.S.C. §406(b) is granted. Upon payment by the Commissioner of $17,000 out of the withheld past due benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $3,800 (which Plaintiff's counsel has already received).

IT IS SO ORDERED.


DATED: July 2, 2019

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge